CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------X

| | | |
|---|---|---|
| MIRIAM CLAVEL, on behalf of herself and others similarly situated, | : : : | Case № 17 Civ. 8520 |
| Plaintiff, | : : | **FLSA COLLECTIVE ACTION and RULE** |
| -against- | : : | **23 CLASS ACTION COMPLAINT** |
| JZJ SERVICES LLC d/b/a SPA JOLIE, and JODI KAUFFMAN PERSKIN, | : : : | **Jury Trial Demanded** |
| Defendants. | : | |

----------------------------------------------------------X

Plaintiff, MIRIAM CLAVEL (hereinafter, "Plaintiff"), on behalf of herself and other similarly situated employees, by and through her undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against defendants JZJ SERVICES LLC d/b/a SPA JOLIE ("SPA JOLIE") and JODI KAUFFMAN PERSKIN (collectively, "Defendants"), and states as follows:

## INTRODUCTION

1.      Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), she entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) liquidated damages, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law, she is entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) unpaid "spread of hours" premium for each day she worked a shift in excess of ten (10) hours, (d) liquidated and statutory damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (e) prejudgment and post-judgment interest, and (f) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.      Plaintiff is a resident of Queens County, New York.

6.      Defendant SPA JOLIE is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business at 180 Seventh Avenue South, New York, New York 10014.

7.      Upon information and belief, defendant SPA JOLIE was formerly incorporated as Randee Elaine Spa, Inc. and/or RE Spa & Laser Center LLC.

8.      Whether formerly incorporated as Randee Elaine Spa, Inc. or RE Spa & Laser Center LLC, or under its current corporate name of JZJ Services LLC, the business employing Plaintiff has always operated and done business as "Spa Jolie."

9.     Upon information and belief, defendant JODI KAUFFMAN PERSKIN was an officer of Randee Elaine Spa, Inc. and/or RE Spa & Laser Center LLC.

10.    Defendant, JODI KAUFFMAN PERSKIN, is the owner, supervisor, managing agent, and proprietor of JZJ SERVICES LLC who actively participate in the day-to-day operations of SPA JOLIE and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with JZJ SERVICES LLC d/b/a SPA JOLIE.

11.    Defendant, JODI KAUFFMAN PERSKIN, exercised control over the terms and conditions of Plaintiff's employment in that she has and has had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, and (v) create and maintain employment records.

12.    Defendant, JODI KAUFFMAN PERSKIN, is present on the premises of SPA JOLIE on a daily basis, actively supervises the work of the employees, and mandates that all issues concerning the employees' employment – including hours worked and pay received – be authorized and approved by her.

13.    At least within each of the three (3) most recent years relevant to the allegations in this Complaint, SPA JOLIE was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or

3

produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

14.     Plaintiff was continuously employed by SPA JOLIE to work as a non-exempt esthetician for Defendants day spa from in or about 2010 until on or about March 13, 2017, where her responsibilities included, but were not limited to, providing customers with facials, body scrubs, liposuction therapy, cellulite therapy treatments, and messages.

15.     The work performed by Plaintiff was directly essential to the business operated by Defendants.

16.     Defendants knowingly and willfully failed to pay Plaintiffs her lawfully earned minimum wages in direct contravention of the FLSA and New York Labor Law.

17.     Defendants knowingly and willfully failed to pay Plaintiff her lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

18.     Defendants knowingly and willfully failed to pay Plaintiff her lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

19.     Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

20.     Defendant, JODI KAUFFMAN PERSKIN, participates in the day-to-day operation of SPA JOLIE. For instance, Ms. Perskin personally supervises and directs the work of the employees, instructs the employees how to perform their jobs, and corrects and/or reprimands the employees for errors made.

4

21.     Defendant, JODI KAUFFMAN PERSKIN, creates and implements all business policies and makes all crucial business decisions, including those concerning the number of hours the employees work, the amount of pay that the employees are entitled to receive, and the manner and method by which the employees are to be paid.

22.     Upon information and belief, defendant JZJ SERVICES LLC, which was first incorporated on or about November 6, 2012, is the successor to non-parties Randee Elaine Spa, Inc. and/or RE Spa & Laser Center LLC.

23.     Upon information and belief, as successor, defendant JZJ SERVICES LLC acquired substantial assets of non-parties Randee Elaine Spa, Inc. and/or RE Spa & Laser Center LLC, and has continued, without interruption or substantial change, the business operations of the predecessor non-parties Randee Elaine Spa, Inc. and/or RE Spa & Laser Center LLC.

24.     To the extent defendant JZJ SERVICES LLC is the successor to non-parties Randee Elaine Spa, Inc. and/or RE Spa & Laser Center LLC, it is liable for the debts and liabilities of its predecessor(s).

25.     To the extent defendant JZJ SERVICES LLC is the successor to non-parties Randee Elaine Spa, Inc. and/or RE Spa & Laser Center LLC, Defendants are liable for the debts and liabilities of its predecessor(s) for the entire relevant six (6) year limitations period, including the period from November 2011 through November 5, 2012, prior to the incorporation date of JZJ SERVICES LLC.

26.     In or about 2010, Plaintiff was hired to work for the business known as SPA JOLIE as a non-exempt esthetician.

27.     Plaintiff continuously worked in that capacity for SPA JOLIE until on or about March 13, 2017.

28.     At no time during her employment for SPA JOLIE did Plaintiff receive a wage notice indicating her regular hourly rate of pay and corresponding overtime rate of pay.

29.     During the course of Plaintiff's employment for SPA JOLIE, she worked over forty (40) hours per week.

30.     During the relevant six (6) year limitations period beginning in November 2011 and continuing through in or about December 2016, Plaintiff typically worked six five (5) or (6) days per week (although occasionally even worked seven (7) days per week), and her work schedule consisted of twelve (12) hours per day Monday through Friday from 10:00 a.m. until 10:00 p.m., and eleven (11) hours on Saturday from 10:00 a.m. until 9:00 p.m.

31.     Plaintiff was not required to monitor her work hours through the use of a punch clock or similar time-recording device.

32.     During this period, Plaintiff was not paid proper minimum wages and overtime compensation.  During this period, Plaintiff was paid at the rate of $7 per hour plus commissions straight time for all hours worked, and worked between sixty (60) and seventy-one (71) hours per week, and sometimes in excess thereof.

33.     Plaintiff received commissions on a weekly basis in the amount of 10% of the cost of all therapies, treatments, and messages that Plaintiff performed during the week.

34.     Although the amount of commissions Plaintiff earned each week fluctuated based on the number of days worked and treatments performed, on average Plaintiff earned approximately $150 to $175 in commissions each week.

35.     Commissions constitute payments for hours worked, and are included in the total compensation for purposes of calculating an employee's regular rate of pay. 29 C.F.R. §§ 778.117, 122.

36.     Thus, Plaintiff earned approximately $420 to 500 per week in base wages, as well as commissions of approximately $150 to $175 per week, for a total compensation between $570 and $675 per week straight time for all hours worked. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

37.     Beginning in or about January 2017 and continuing through the remainder of her employment on or about March 13, 2017, Plaintiff typically worked five (5) or six (6) days per week (although occasionally even worked seven (7) days per week), and her work schedule consisted of twelve (12) hours per day Monday through Friday from 10:00 a.m. until 10:00 p.m., and ten (10) hours on Saturday from 10:00 a.m. until 8:00 p.m.

38.     Plaintiff was not required to monitor her work hours through the use of a punch clock or similar time-recording device.

39.     During this period, Plaintiff was not paid proper minimum wages and overtime compensation. During this period, Plaintiff was paid at the rate of $7 per hour plus commissions straight time for all hours worked, and worked sixty (60) to seventy (70) hours per week, and sometimes in excess thereof.

40.     Plaintiff received commissions on a weekly basis in the amount of 10% of the cost of all therapies, treatments, and messages Plaintiff performed during the week.

41.     Although the amount of commissions Plaintiff earned each week fluctuated based on the number of days worked and treatments performed, on average Plaintiff earned approximately $150 to $175 in commissions each week.

42.     Thus, Plaintiff earned approximately $420 to 500 per week in base wages, as well as commissions of approximately $150 to $175 per week, for a total compensation between $570 and $675 per week straight time for all hours worked. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

43.     At no time during her employment for SPA JOLIE did Plaintiff receive a weekly wage statement with her cash wages, which indicated her gross wages, deductions, and net wages.

44.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff and other similarly situated employees.

45.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

46.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees "spread of hours" premium

8

for each day that they worked a shift in excess of ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

47.     At all relevant times, upon information and belief, and during the course of Plaintiff's employment, Defendants failed to maintain accurate and sufficient wage and hour records.

## COLLECTIVE ACTION ALLEGATIONS

48.     Plaintiff brings this action individually and as class representative on behalf of herself and all other current and former non-exempt employees who have been or were employed by Defendants since November 3, 2014 until the close of the opt-in period as ultimately set by the Court (the "Collective Action Period"), and who were compensated at rates less than the statutory minimum wage and/or less than time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

49.     The collective action class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) Collective Action Members who worked for Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.  Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

50.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

51.     This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

52.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

53.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because the Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

a.  Whether Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

b.  Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;

c.  What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.  Whether Defendants failed to pay Plaintiff and the Collective Action Members statutory minimum wages;

e.  Whether Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

f.  Whether Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

g.  Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

54.  Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

55.  Plaintiff and others similarly situated have been substantially damaged by Defendants' wrongful conduct.

## CLASS ACTION ALLEGATIONS

56.     Plaintiff sues on her own behalf and on behalf of a class of persons under
Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

57.     Plaintiff bring her New York Labor Law claims on behalf of all persons
who were employed by the Defendants at any time since November 3, 2011 through the
entry of judgment in this case (the "Class Period") who were non-exempt employees
within the meaning of the New York Labor Law and have not been paid statutory
minimum wages, overtime compensation, and/or "spread of hours" premium in violation
of the New York Labor Law (the "Class").

58.     The persons in the Class identified herein are so numerous that joinder of
all members is impracticable. Although the identity and precise number of such persons
is unknown, and the facts upon which the calculation of that number may be ascertained
are presently within the sole control of Defendants, the Class consists of all non-
managerial current and former employees and, therefore, is so numerous that joinder is
impracticable and most of whom would not be likely to file individual suits because they
lack financial resources, access to attorneys, or knowledge of their claims.

59.     The claims of Plaintiff are typical of the claims of the Class, and a class
action is superior to other available methods for the fair and efficient adjudication of the
controversy, particularly in the context of wage and hour litigation, where individuals
lack the financial resources to vigorously prosecute a lawsuit in federal court against a
corporate defendant.

60.     Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

61.     Plaintiff has committed herself to pursuing this action and has retained counsel experienced in employment law and class action litigation.

62.     Plaintiff will fairly and adequately protect the interests of the NY Class members.  Plaintiff understands that, as class representative, she assumes a fiduciary responsibility to the Class and Collective Action Members to represent their interests fairly and adequately, and that she must consider the interests of the Class and Collective Action Members just as she would represent and consider her own interests, and that she may not favor her own interests over those of the Class or Collective Action Members.

63.     Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class and Collective Action Members.  Plaintiff understands that in order to provide adequate representation, she must remain informed of litigation developments and she understands that she may be called upon to testify in depositions and at trial.

64.     Plaintiff has the same interests in this matter as all other members of the Class and Plaintiff's claims are typical of the Class.

65.     There are questions of law and fact common to the Class, which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

        a.     Whether Defendants employed Plaintiff and the Class members within the meaning of the New York Labor Law;

13

b.      Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Class members;

c.      What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.      Whether Defendants failed to pay Plaintiff and the Collective Action Members statutory minimum wages;

e.      Whether Defendants failed to pay Plaintiff and the Class members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

f.      Whether Defendants failed to pay Plaintiff and the Class members "spread of hours" premium for each day they worked a shift in excess of ten (10) hours, in violation of the New York Labor Law and the regulations promulgated thereunder;

g.      Whether Defendants' violations of the New York Labor Law are willful as that terms is used within the context of the New York Labor Law; and,

h.      Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs, attorneys' fees, and costs and disbursements.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

66.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "65" of this Complaint as if fully set forth herein.

67.    At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

68.    At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

69.    Upon information and belief, at least within the three (3) most recent years relevant to the claims in this Complaint, defendant SPA JOLIE has had gross revenues in excess of $500,000.

70.    Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and the Collective Action Members for hours worked.

71.    Defendants willfully failed to pay Plaintiff and the Collective Action Members minimum wages in the lawful amount for hours worked.

72.    Plaintiff and the Collective Action Members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

73.     Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

74.     At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

75.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action Members at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime compensation would financially injure Plaintiff and the Collective Action Members.

76.     As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

77.     Defendants failed to properly disclose or apprise Plaintiff and the Collective Action Members of their rights under the FLSA.

78.     As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

79.     Due to the reckless, willful and unlawful acts of Defendants, Plaintiff and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid minimum wages, unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

80.     Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

81.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "80" of this Complaint as if fully set forth herein.

82.     Defendants were the employer of Plaintiff and the Class members as defined within the meaning of New York Labor Law §§ 2 and 651.

83.     Defendants knowingly and willfully violated the rights of Plaintiff and members of the Class by failing to pay them minimum wages in the lawful amount for hours worked.

84.     Defendants knowingly and willfully violated the rights of Plaintiff and the Class members by failing to pay Plaintiff and the Class members overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

85.     Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the

spread of hours in an employee's workday exceeds ten (10) hours. New York State Department of Labor Regulations § 142-2.4.

86.     Defendants knowingly and willfully violated the rights of Plaintiff and the Class members by failing to pay "spread of hours" premiums to Plaintiff and the Class members for each day they worked a shift in excess of ten (10) hours pursuant to New York State Department of Labor Regulations.

87.     Defendants failed to properly disclose or apprise Plaintiff and the Class members of their rights under the New York Labor Law.

88.     Defendants failed to furnish Plaintiff and the Class members with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 142-2.7.

89.     Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

90.     Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 142-2.6.

91.     Due to the Defendants' New York Labor Law violations, Plaintiff and the Class members are entitled to recover from Defendants their unpaid minimum wages, unpaid overtime compensation, and unpaid "spread of hours" premium, reasonable

attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

92.    Plaintiff and the Class members are also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as statutory damages pursuant to the New York State Wage Theft Prevention Act.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff MIRIAM CLAVEL, on behalf of herself and all similarly situated Collective Action Members and Class members, respectfully requests that this Court grant the following relief:

(a)    An award of unpaid minimum wages due under the FLSA and New York Labor Law;

(b)    An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c)    An award of unpaid "spread of hours" premium due under the New York Labor Law;

(d)    An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(e)    An award of liquidated damages as a result of Defendants' failure to pay minimum wages, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(f)     An award of statutory damages pursuant to the New York State Wage Theft Prevention Act for Defendants' failure to provide wage notices and wage statements;

(g)     An award of prejudgment and post-judgment interest;

(h)     An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

(i)      Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated:  New York, New York
        November 3, 2017

Respectfully submitted,

CILENTI & COOPER, PLLC
*Attorneys for Plaintiff*
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102

By: _____
        Giustino (Justin) Cilenti (GC2321)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Miriam Clavel_, am an employee currently or formerly employed by _Spa Jolie_, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_9-27_, 2017

_Miriam Clavel_