UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MIRIAM CLAVEL
                                      **Plaintiff,**

              -against-                                        17-CV-08520 (SN)

                                                                    **ORDER**

**JZJ SERVICES LLC, et al.,**

                                    **Defendants.**
-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

       On April 6, 2018, the plaintiff's attorney moved to withdraw from this case because he was unable to contact his client. Counsel represented that since January 2018, he has attempted to contact his client 11 times, that he did speak to her on February 7, 2018, and that she advised that she would be traveling internationally for one week. Since that discussion, counsel attempted six times to communicate with his client without success. Based on this record, the Court granted the motion to withdraw and ordered Clavel to show cause why this case should not be dismissed for failure to prosecute. Clavel failed to respond by the Court's deadline of April 20, 2018.

## LEGAL STANDARD

       A plaintiff has a general obligation to prosecute her case diligently. See <u>Lyell Theatre Corp. v. Loews Corp.</u>, 682 F.2d 37, 43 (2d Cir. 1982). A court may dismiss the action, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute if the plaintiff fails to meet this obligation. In fact, "[a] plaintiff[']s lack of diligence alone is enough for dismissal." <u>West v. City of New York</u>, 130 F.R.D. 522, 526 (S.D.N.Y. 1990) (citation omitted). A *pro se*

1

plaintiff, however, "should be granted special leniency regarding procedural matters." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001).

While Rule 41(b) provides that "a defendant may move to dismiss the action or any claim against it" when a plaintiff fails to prosecute the case or comply with a court order, the Court need not wait for a defendant's motion. See Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962). And, the Court is not *required* to provide notice of the dismissal. "[S]uch dismissal is largely a matter of the judge's discretion." See West, 130 F.R.D. at 524. Indeed, because district courts are "necessarily vested" with the control required "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," the court may even dismiss an action *with* prejudice when a plaintiff fails to prosecute his case. Link, 370 U.S. at 629-31.

In deciding whether to dismiss an action for failure to prosecute, the court must consider five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)). No particular factor is dispositive. Id. (citing Nita v. Connecticut Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)).

While a district court is not required to address each of these factors in its written decision by a list of "'robotic incantations,'" id. at 217 (quoting United States v. Crosby, 397 F.3d 103, 113 (2d Cir. 2005)), the court at a minimum must provide a reason for the dismissal. See Grace v. New York, 10 Civ. 3853 (LTS)(GWG), 2010 WL 3489574, at *2 (Sept. 7, 2010), report and recommendation adopted, 2010 WL 4026060 (Oct. 14, 2010). Though such an analysis

may not be necessary for dismissal that is without prejudice, see Thrall v. Cent. N.Y. Reg'l Transp. Auth., 399 F. App'x 663, 666 (2d Cir. 2010) (noting that dismissal without prejudice under Rule 41(b) is a "lesser sanction" than dismissal with prejudice), this Court will nonetheless analyze the Baptiste factors to ensure that the pro se plaintiff be afforded every chance to succeed on the merits.

According to plaintiff's now-prior counsel, she has failed to communicate with counsel since the beginning of the year, with one exception on February 7, 2018, when she indicated that she would be traveling abroad for one week. Accordingly, plaintiff has failed to participate in this litigation for nearly four months, and the Court has no way of knowing whether the plaintiff has even returned to the country. In its April 6, 2018 Order, the Court provided Clavel with notice that this Court would dismiss her claims for failure to prosecute if she did not contact the Court. In light of these facts, Clavel has not demonstrated any interest in pursuing this case—especially because she has not responded to the Court's Order. Because neither the Court nor her former counsel are able to contact her, lesser sanctions would only serve to delay the proceedings further. The circumstances of this case are sufficient to find an extreme situation—a case that is effectively impossible for the defendants to complete because of a nonresponsive plaintiff—and reasonably serious fault on the part of that plaintiff, who has essentially abandoned her claims.

## CONCLUSION

For these reasons, all claims asserted by Clavel are DISMISSED without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Court requests that prior counsel mail this Order to plaintiff's last known address.

**SO ORDERED.**

DATED:   April 25, 2018
         New York, New York

_____
SARAH NETBURN
United States Magistrate Judge